# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OZZIE PICKETT, | ) |
| Plaintiff, | ) ) ) |
| vs. | )  CIVIL NO. 09-cv-217-DRH |
| GREG LAMBERT, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Plaintiff Ozzie Pickett, a prisoner in the Tamms Correctional Center, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. He also seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, but he readily admits that he is barred by the three strikes provision. *See* 28 U.S.C. § 1915(g). He asserts, however, that he is in imminent danger of serious physical harm, and his complaint presents a litany of allegations against the Defendants for harassment, assault, and retaliation. Even if the Court were to grant his *in forma pauperis* motion, though, the action would have to be dismissed, because it is clear that Pickett has not exhausted his administrative remedies.

The Illinois Administrative Code sets forth the grievance procedures to be followed by committed persons. *See* 20 Ill. Adm.Code § 504.800 *et seq*. An inmate first must take his complaint to a correctional counselor for informal resolution.[1] If this does not resolve the problem, he is to file a written grievance on an institutional form within sixty days of the incident or occurrence

---

[1] If deemed an emergency presenting "a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," an inmate may send his grievance directly to the warden. 20 Ill. Adm.Code § 504.840.

complained of, and that grievance should be addressed to the Grievance Officer. Each institution has one or more designated Grievance Officers who review such grievances. The Grievance Officer reports his or her findings and recommendations to the Chief Administrative Officer, *i.e.*, the warden, and the warden is to advise the inmate of his or her decision within two months after receipt of the grievance, "where reasonably feasible under the circumstances."

The inmate may appeal the warden's disposition of the grievance in writing to the Director of the Department of Corrections within 30 days of the warden's decision. The Director reviews the grievance and the responses of the Grievance Officer and warden, and determines whether the grievance requires a hearing before the Administrative Review Board ("ARB"). If it is determined that the grievance is without merit or can be resolved without a hearing, the inmate is to be advised of this disposition in writing. Otherwise, the grievance is referred to the ARB, which may hold hearings and examine witnesses. The ARB submit a written report of its findings and recommendations to the Director, and the Director then makes a final determination within six months after receipt of the appealed grievance, "where reasonably feasible under the circumstances." 20 Ill.Adm.Code §§ 504.810-850.

A failure to exhaust administrative remedies in a timely manner may lead to dismissal of the action without consideration of the merits, absent any waiver, estoppel and equitable tolling. *See Ester v. Principi,* 250 F.3d 1058, 1071 (7th Cir. 2001); *Gibson v. West*, 201 F.3d 990, 993-94 (7th Cir. 2000); *White v. Bentsen*, 31 F.3d 474, 474-76 (7th Cir. 1994). Further,

> unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred. Any other approach would allow a prisoner to "exhaust" state remedies by spurning them, which would defeat the statutory objective of requiring the prisoner to give the prison administration an opportunity to fix the problem – or to reduce the damages and

2

> perhaps to shed light on factual disputes that may arise in litigation even if the prison's solution does not fully satisfy the prisoner. *See Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

*Pozo v. McCaughtry,* 286 F.3d 1022, 1023-24 (7th Cir. 2002). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. Furthermore, "[a] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1977e(a) from litigating. Failure to do what the state requires bars, and does not just postpone, suit under § 1983." *Id.* at 1023-1024.

The Court realizes that failure to exhaust administrative remedies is an affirmative defense. However, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Such is the case here: the primary issues raised in this action involve events that occurred on March 12, 2009, and Pickett brought his case to federal court less than two weeks later. Although he submitted voluminous exhibits with the complaint, these exhibits related to events that occurred as far back as 2003. Clearly he did not completely exhaust his administrative remedies with respect to the events of March 12 *before* bringing this lawsuit, and the Court need not wait for Defendants to point this out.

A clear failure to exhaust administrative remedies is equivalent to a finding that the Court does not have subject matter jurisdiction over this action. Lack of subject-matter jurisdiction means that Pickett has failed to state a claim upon which relief may be granted. *See* FED.R.CIV.P. 12(b)(6).

3

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to Pickett filing a new lawsuit, but only after he has exhausted his administrative remedies. Pickett is advised that the dismissal of this action will count as yet another strike under the provisions of 28 U.S.C. § 1915(g).

The Clerk shall **CLOSE THIS CASE**. All pending motions are now **MOOT**.

**IT IS SO ORDERED.**

**DATED:   April 3, 2009.**

/s/   *David R Herndon*
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**