# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OZZIE PICKETT, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 09-cv-217-DRH |
| GREG LAMBERT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

The Court dismissed this action pursuant to 28 U.S.C. § 1915A, finding that Pickett had not exhausted his administrative remedies before filing suit. Now before the Court are two motions for reconsideration (Docs. 8, 10), accompanied by two motions for copies (Docs. 7, 9).

In his two motions for reconsideration, Pickett argues that he did, in fact, exhaust his administrative remedies, and he refers to the exhibits submitted with the complaint. The Court has carefully reviewed these exhibits in conjunction with the instant motions and the allegations in the complaint. The very first sentence of his claim states: "On March-12-2009, approximately time 2:35pm Defendants, Peterson, Vick, Martin, Montgomery, Gay, acting in a preplanned retaliation harassment manner attempts to discredit Plaintiff . . . ." (Doc. 1, page 5, par. 9). This paragraph then alleges that Plaintiff was assaulted by at least some of these individuals by use of a chemical agent, and that this incident occurred out of retaliation for his grievances and lawsuits.

The next page also involves events that occurred earlier in on that same day: "Notably, on March-12-2009, approximately time 8:30 am Defendants, Peterson, Vick, Gay, acting in retaliation for Plaintiff-Petitioner filing grievances, exercising his Constitutional rights, came on the wing. . . ." (Doc. 1, page 6, par. 10). This paragraph then alleges that Peterson, Vick and Gay (an inmate who

Pickett labels as "agent informer), verbally harassed him.

The next paragraph returns to events that afternoon immediately preceding the allegations in paragraph 9: "Notably, on March-12-2009, approximately time 2:10 pm Defendants, Peterson, Vick, Martin, acting in retaliation and intimidation harassment . . . ." (Doc. 1, page 6-9, par. 11) Defendant Montgomery also joined in this harassment. This verbal harassment was followed by a cell shakedown and strip search executed by Peterson and Vick under Montgomery's supervision. Pickett's allegations then dovetail with those that began the complaint: while in handcuffs after the strip search, Peterson twisted and bent his right pinkie finger, and Montgomery sprayed him with a chemical agent. The next paragraph marches backwards in time to February 28, 2009. Paragraph 13 moves further backward in time, to December 18, 2009, but paragraph 14 returns once again to March 12, 2009.

As the Court stated in the order challenged in Pickett's motions:

> the primary issues raised in this action involve events that occurred on March 12, 2009, and Pickett brought his case to federal court less than two weeks later. Although he submitted voluminous exhibits with the complaint, these exhibits related to events that occurred as far back as 2003. Clearly he did not completely exhaust his administrative remedies with respect to the events of March 12 *before* bringing this lawsuit, and the Court need not wait for Defendants to point this out.

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 10 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or

Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

Pickett is attempting to challenge the Court's interpretation of his complaint and the legal analysis applied to his allegations, so the Court construes this motion as filed pursuant to Rule 59(e). Such a motion may only be granted if a movant shows there was mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996), *reh'g and suggestion for reh'g en banc denied, cert. denied* 117 S.Ct. 608; *Deutsch v. Burlington Northern R. Co.*, 983 F.2d 741 (7th Cir. 1993). As clearly illustrated above, there was no mistake of law or fact in finding that (1) most of the complaint involves events that occurred on March 12, 2009, and (2) Pickett could not possibly have exhausted his administrative remedies regarding these events prior to filing suit on March 23, 2009. The Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915 was correct. Therefore, the instant motions (Docs. 8, 10) are **DENIED**.

Pickett also seeks a copy of his complaint so that he may prepare service copies for Defendants (*see* Doc. 7), and so that he may properly prepare his appeal (*see* Doc. 9). This request is **GRANTED**; the Clerk shall send one copy of the 12-page complaint to Pickett with his copy of this order.

**IT IS SO ORDERED.**

**DATED: May 1, 2009.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**